IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                  Case No. 5:00-CR-21-SPM

VINCENT SMITH,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR A NEW TRIAL

THIS CAUSE comes for consideration upon Defendant's Motion For A New Trial (doc. 251) filed on June 28, 2007. Defendant files his motion pursuant to Federal Rule of Criminal Procedure 33, under which a district court may grant a new trial "if the interest of justice so requires". For the reasons set forth below, this Court denies the Defendant's Motion.

In a motion for a new trial the court must consider the credibility of the witnesses and the weight of the evidence presented at trial. United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985). "The decision on whether to grant or deny a new trial motion is in the sole discretion of the trial court." Id at 1312. Motions for new trials, however, are not favored and are granted only in exceptional circumstances. Id.

However, in this case, Defendant's motion is barred by the language of the rule governing the motion and the Court lacks jurisdiction to examine the merits of the claim.

Federal Rule of Criminal Procedure Rule 33(b)(1) states "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." When an appeal is taken in a criminal case, the three-year time period for filing a motion for new trial runs from the date of the appellate court's mandate. See United States v. Dayton, 981 F.2d 1200, 1202 (11th Cir. 1993).

In this case, on October 26, 2001 a jury found the Defendant guilty of 1) conspiracy to possess with intent to distribute crack cocaine; 2) concealing proceeds of specified unlawful activity; and 3) possession of a firearm by a convicted felon. This verdict was reviewed and then affirmed by the United States Court of Appeals for the Eleventh Circuit on February 3, 2003. Therefore, the Defendant's June 28, 2007 Motion for a New Trial is untimely.

Additionally, Defendant submitted an identical motion on November 2, 2001 (doc. 169). This Court denied that motion on November 8, 2001 (doc. 170). The Court's position has not changed. Identical motion notwithstanding, because this motion is untimely, the Court has no jurisdiction to act on the underlying substantive motion. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for New Trial (doc. 251) is hereby *denied*.

**DONE AND ORDERED** this third day of July, 2007.

                *s/ Stephan P. Mickle*
                Stephan P. Mickle
                United States District Judge