IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:00-cr-21-MW-GRJ

VINCENT L SMITH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 298, Defendant's "Motion to Vacate Sentence Pursuant to Rule 60(b)." The motion stems from Defendant's jury-trial conviction for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C §§ 841 and 846. Doc. 200 (judgment). Defendant received an enhanced mandatory life sentence under 21 U.S.C § 841(b)(1)(A)(iii) based on prior felony drug convictions.[1] *See* Doc. 26 (21 U.S.C § 851 Notice of Enhancement, setting forth three prior state felony controlled-substance convictions). Defendant's conviction and sentence were affirmed on direct appeal. Doc. 244. In affirming the conviction and sentence, the Eleventh Circuit rejected Defendant's claim pursuant to *Apprendi v. New*

---

[1]Where a defendant has two or more "prior convictions for a felony drug offense" which have become final, he shall be sentenced to a mandatory term of life imprisonment where he is found accountable for "50 grams or more of a mixture or substance...which contains cocaine base." 21 U.S.C. § 841(b)(1)(A). The jury specifically found Defendant guilty of a conspiracy involving "Fifty (50) grams or more of a mixture or substance containing cocaine base, commonly known as 'crack.'" Doc. 165. Petitioner was also convicted of one count of money laundering and one count of possession of a firearm by a convicted felon.

*Jersey*, 530 U.S. 466 (2000),[2] that the sentence enhancement for prior convictions was an element of the crime that should have been proven to the jury. *Id*. at 244.

Defendant filed a motion to vacate under 28 U.S.C § 2255 asserting four claims for relief, including a reassertion of his *Apprendi* claim. Doc. 245. The Court denied the motion on the merits. Docs. 253, 259. Defendant did not appeal. Defendant unsuccessfully sought relief by way of a habeas corpus petition under 28 U.S.C § 2241. *See Smith v. United States*, 1:10-cv-230-MP-GRJ (4/15/11) (dismissing petition for lack of jurisdiction). Defendant did not appeal. Defendant has also unsuccessfully pursued sentence-reduction motions under the Fair Sentencing Act of 2010, 18 U.S.C § 3582. Docs. 263, 279.

In the instant motion, Defendant contends that he is entitled to Fed. R. Civ. P. 60(b) relief from the judgment denying his motion to vacate. Defendant argues that he is entitled to relief because his indictment did not list the prior offenses that qualified him for a mandatory life sentence, and therefore the fact of such prior convictions was not proven to the jury beyond a reasonable doubt. As support for this claim, Defendant cites *Alleyne v. United States*, ___U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (applying rule in *Apprendi* and holding "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"). Defendant contends that pursuant

---

[2]*Apprendi* held that "[o]ther than the fact of a prior convictoin, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

to *Alleyne* and *Booker*[3], his sentence should not have been enhanced because it was not premised on jury-found facts.  Defendant contends that *Alleyne* rendered the Court's decision denying his § 2255 motion "unlawful and unenforceable."  Doc. 298.

      Collateral attacks on the legality of a federal sentence typically must be brought under § 2255.  *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).  Courts must look past the label of a motion in order to determine its actual legal effect and must treat the motion according to its legal effect, rather than its formal name.  *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  Rule 60(b) motions cannot be used to "evade the second or successive petition bar . . . by either adding a new ground for relief or attacking the federal court's previous rejection of a claim on the merits." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (holding that the rule announced in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which decided that state prisoners could not circumvent the bar on successive habeas petitions by filing Rule 60(b) motions, applies equally to federal prisoners).  Therefore, when a federal prisoner seeks to "assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion preceding in his case . . . his motion is the equivalent of a second or successive motion." *Id*.

      In this case, it is clear that the instant motion is the "equivalent of a second or

---

[3]*United States v. Booker*, 543 U.S. 220 (2005) (U.S. Sentencing Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge, under a mandatory guidelines system, to increase a defendant's sentence based on facts that are neither found by a jury nor admitted by the defendant. 543 U.S. at 244. *Booker* rendered the Sentencing Guidelines "effectively advisory." *Id.* at 245–46.

successive motion." *Id*. Because Defendant was denied collateral relief previously under § 2255, he is barred from seeking such relief in this Court absent prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3). There is nothing in the record that reflects that Defendant has been granted leave by the Eleventh Circuit to file a second or successive motion to vacate, and thus this Court lacks the requisite authorization to entertain the claims raised in the instant motion.

Moreover, under the circumstances presented *Alleyne* affords Defendant no relief. *Alleyne* did not disturb the Supreme Court's previous holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 247 (1998), that a prior conviction is not considered an element of a crime, and such prior conviction does not have to be proven to a jury beyond a reasonable doubt. *U.S. v. Dames* ___ Fed. Appx. ___, 2014 WL 591043, *2 (11th Cir. 2014) (affirming sentence enhancement under 21 U.S.C § 851 that increased mandatory-minimum sentence due to prior felony conviction) (citing *Alleyne*, 133 S.Ct. at 2160 n.1).[4] In *Alleyne*, the Supreme Court reaffirmed that pursuant to *Apprendi* "'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime," and applied *Apprendi* to facts that increase mandatory-minimum sentences. *Alleyne*, 133 S.Ct. at 2160. However, the Court noted that *Almendarez-Torres* "recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." *Id*. at

---

[4]Although unpublished opinions are not binding on this Court, they are persuasive authority. 11th Cir. R. 36-2.

2160 n.1.  Thus, because *Alleyne* did not overrule the *Almendarez-Torres* exception, Defendant cannot rely on *Alleyne* to challenge the enhancement of his sentence for prior convictions.  *Dames*,  2014 WL 591043 *2.

For these reasons, it is respectfully **RECOMMENDED:**

That the Motion to Vacate Sentence Pursuant to Rule 60 (b), Doc. 298, should be **DENIED.**

**IN CHAMBERS**  this 12th day of May 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.